### DEPAN v. WALLACE.

(*Supreme Court, General Term, Third Department.* March 15, 1892.)

ACTION FOR ASSAULT—IRRELEVANT TESTIMONY.

In an action to recover damages for an assault, it is improper to ask defendant, on cross-examination, "How many rows have you had within five or six years?"

Appeal from circuit court, Warren county.

Action by Tuffield D. Depan against Patrick Wallace to recover damages for an assault. The question put to defendant on cross-examination, referred to in the opinion, was, "How many rows have you had within five or six years?" From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*A. E. Carroll,* for appellant. *John H. Cunningham,* for respondent.

MAYHAM, P. J. We see no ground for a reversal of this judgment. The complaint alleged that the defendant assaulted and beat the plaintiff, and claims damages. The answer denies the allegations of the complaint, and alleges that the plaintiff committed the first assault, and that all he (defendant) did was in the necessary defense of himself from the assault of the plaintiff. Upon the issue so joined, each party introduced some evidence in support of his theory, and it may be fairly said that there was evidence on both sides, and therefore a conflict to be determined by the jury. The jury having settled that dispute by their verdict, upon sufficient evidence, this court will not disturb their determination of that disputed question of fact. But two exceptions seem to have been taken by the plaintiff on the trial,—one to a question put to the defendant on his cross-examination, and one to the refusal of the judge to grant a new trial on the minutes on motion of the plaintiff. We do not think that either of the exceptions were well taken. The question put to the defendant as a witness on his cross-examination was properly excluded as irrelevant and immaterial. The answer to the question, if admitted, could not properly have affected the question on the trial in this action. We think the motion for a new trial on the minutes was also properly denied. The jury, having heard the conflicting testimony, was the proper tribunal to dispose of that conflict, and while they might, upon the evidence, have found for the plaintiff on the disputed questions of fact, there was sufficient evidence to uphold their verdict for the defendant, and the court could not, therefore, properly set aside their verdict as wholly unsupported by the evidence. Judgment affirmed, with costs. All concur.